RENDERED: JULY 8, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1576-MR

TIMOTHY ROBINSON                                                                     APPELLANT

v.
APPEAL FROM LINCOLN CIRCUIT COURT
HONORABLE JERRY J. COX, JUDGE
ACTION NO. 13-CR-00063-001

COMMONWEALTH OF KENTUCKY                                                 APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  DIXON, JONES, AND K. THOMPSON, JUDGES.

JONES, JUDGE:  The appellant, Timothy Robinson, appeals the Lincoln Circuit

Court's November 18, 2020 order denying his RCr[1] 11.42 motion to vacate his

sentence.  Robinson alleges that his trial counsel was ineffective in failing to

inform him of the full range of penalties he faced if he elected to proceed to trial

instead of accepting the Commonwealth's plea offer.  Having reviewed the record

and being otherwise sufficiently advised, we affirm.

---

[1]  Kentucky Rules of Criminal Procedure.

# I. BACKGROUND

In October of 2013, Robinson was indicted and charged with one count each of first-degree sodomy (victim less than twelve years old),[2] incest (victim less than twelve years old),[3] and use of a minor in a sexual performance (victim less than twelve years old).[4] The indictment alleged that these offenses had taken place between January 1, 2009, and July 30, 2012, and had been committed against Robinson's minor son, Z.R. At the time the indictment was issued, Robinson was already serving a twenty-year sentence resulting from a 2012 conviction. Assistant Public Advocate Stacy Coontz was appointed to represent Robinson.

The Commonwealth offered to resolve all charges against Robinson in exchange for Robinson's serving a twenty-one-year sentence, which would run concurrently with the sentence Robinson was already serving for the 2012 conviction. A note taken by Attorney Coontz, which is contained in the record, indicates that Robinson stated that he would consider the offer, but he did not want to have to give testimony against his brother, who had been indicted on charges related to those against Robinson. From the record, it appears that Attorney

---

[2] Kentucky Revised Statutes (KRS) 510.070(1)(b), a Class A felony.

[3] KRS 530.020(2)(c), a Class A felony.

[4] KRS 531.310(2)(b), a Class B felony.

Coontz proposed a counteroffer to the Commonwealth whereby Robinson would plead guilty to all charges in return for the Commonwealth's agreement to recommend that Robinson serve a twenty-year sentence, to run concurrently with the sentence Robinson was already serving.

On April 4, 2014, Robinson filed a motion to enter a guilty plea, accepting the Commonwealth's amended offer of a sentence of twenty years to run concurrently with his present sentence. However, before the trial court accepted Robinson's guilty plea, he changed his mind and withdrew the motion. During a pretrial hearing, the trial court confirmed on the record that Robinson had consulted with his attorney and was knowingly rejecting all the Commonwealth's plea offers.

The case proceeded to trial on April 14, 2014. On the morning of trial, the trial court again confirmed there were no outstanding plea offers, and the prior offers were communicated to and knowingly rejected by Robinson. Robinson's trial lasted three days, during which Z.R. gave detailed testimony about the acts Robinson had committed against him. Robinson was found guilty on all charges. The jury recommended sentences of life imprisonment for sodomy, fifty years' imprisonment for incest, and twenty years' imprisonment for use of a minor in a sexual performance. The trial court entered final judgment and sentence on July 11, 2014, sentencing Robinson in accordance with the jury's recommendation.

Upon direct appeal to the Kentucky Supreme Court, Robinson's conviction and sentence were affirmed. *Robinson v. Commonwealth*, No. 2014-SC-000467-MR, 2015 WL 4979794 (Ky. Aug. 20, 2015).

Robinson filed his RCr 11.42 motion in August 2016 raising four claims, including the instant claim that Attorney Coontz failed to properly advise him of the full range of penalties in connection with the Commonwealth's plea agreement. On December 12, 2016, the trial court denied Robinson's motion without holding an evidentiary hearing. Robinson appealed the trial court's denial to our Court. While we affirmed the trial court's denial of relief as to three of Robinson's claims, we vacated the denial of Robinson's claim that Attorney Coontz was ineffective in connection with the Commonwealth's plea offer. *Robinson v. Commonwealth*, No. 2017-CA-000883-MR, 2019 WL 1422565, at *1 (Ky. App. Mar. 29, 2019). To this end, we noted that Robinson alleged that Attorney Coontz never told him that he could face life in prison if convicted at trial, and nothing in the record "indicate[d] whether trial counsel informed Robinson of the maximum sentences he faced if he elected to proceed to trial." *Id.* at *3. As such, we remanded the advice of counsel claim with instructions for the trial court to conduct an evidentiary hearing with respect to the advice Attorney Coontz gave Robinson in connection with the Commonwealth's plea agreement. *Id.* at *5.

On remand, in accordance with our instructions, the trial court conducted an evidentiary hearing on November 13, 2020. Robinson and Attorney Coontz both testified at the evidentiary hearing. Attorney Coontz testified that: (1) she advised Robinson that the sentencing range was 20 to 50 years to life imprisonment; (2) she told him that, if he did not accept this offer, he could die in prison; (3) she told Robinson it was a terrible idea not to take the plea; and (4) after the verdict was rendered, Robinson turned to her and admitted he should have taken the plea. In contrast, Robinson testified that Attorney Coontz never told him what penalty he faced, and when discussing the plea offers, they only discussed trial strategy. He further testified that the first time he discovered he was facing a life sentence was when the jury's verdict was read at trial.

Following the hearing, the trial court entered an order denying Robinson's motion to vacate. The denial was based on the trial court's finding that Attorney Coontz did in fact advise Robinson that he could be sentenced to life in prison if he was convicted at trial and urged him to accept the plea agreement.

> Robinson's assertion is that his counsel failed to advise him on whether he should accept the Commonwealth's offer of a guilty plea. However, relying on the notes provided by counsel and the arguments brought by the respective parties, the Court does not find Robinson's allegations credible. The record shows that, had Robinson accepted the offer, he would have received a sentence running concurrent with a sentence he was already serving. The only difference would have been his parole eligibility. Considering the

-5-

charges brought against Robinson, counsel's experience as an attorney, and the fact that Robinson had already planned to accept the offer until he spoke with people that were not his counsel, the Court finds counsel's claim that she told Robinson he could spend life in prison, while trying to dissuade him to change his decision to accept the plea, more credible. Because counsel testified under oath that she informed Robinson that he could spend life in prison if he went to trial, the Court cannot find that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."

(Record (R.) at 410) (quoting *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984)).

This appeal followed.

## II. ANALYSIS

In our prior Opinion, we set out the law with respect to ineffective assistance of counsel claims predicated on the failure to properly advise a defendant during plea negotiations. Therein, we explained:

The United States Supreme Court has held that a defendant has the Sixth Amendment right to effective assistance of counsel in considering whether to accept a plea bargain. *Lafler v. Cooper*, 566 U.S. 156, 168, 132 S. Ct. 1376, 1387, 182 L. Ed. 2d 398 (2012). Trial counsel is obligated to "advise the client of 'the advantages and disadvantages of a plea agreement.'" *Padilla v. Kentucky*, 559 U.S. 356, 370, 130 S. Ct. 1473, 1484, 176 L. Ed. 2d 284 (2010) (quoting *Libretti v. United States*, 516 U.S. 29, 50-51, 116 S. Ct. 356, 133 L. Ed. 2d 271 (1995)). A reasonably competent attorney would be well-aware that Robinson could be sentenced to life imprisonment if convicted on the charges against him, as

> the sentencing range for Class A felonies is clearly stated in KRS 532.060. If Robinson's allegations that trial counsel did not advise him that he could be sentenced to life in prison are true, then trial counsel's performance was ineffective. If the right to effective assistance of counsel during plea negotiations is denied, "prejudice can be shown if loss of the plea opportunity led to a trial resulting in . . . the imposition of a more severe sentence." *Lafler*, 566 U.S. at 168, 132 S. Ct. at 1387.

*Robinson*, 2019 WL 1422565, at *3. We then observed that the record did not conclusively establish whether or not Attorney Coontz advised Robinson of the possible sentencing ranges were he to reject the plea and proceed to trial requiring an evidentiary hearing. *Id.*

Both Attorney Coontz and Robinson testified at the evidentiary hearing. They gave markedly different accounts of what was discussed prior to Robinson's decision to reject the plea agreement. Most notably, Attorney Coontz testified that she explicitly informed Robinson that if he rejected the plea agreement and was found guilty at trial, he might very well be sentenced to spend the rest of his life in jail. In contrast, Robinson testified that he did not realize he was facing the possibility of a life sentence until after the jury returned its verdict against him. Ultimately, the trial court concluded that Attorney Coontz's testimony was more credible and, based on her testimony, found that Attorney Coontz "informed Robinson that he could spend life in prison if he went to trial[.]" (R. at 410.)

Robinson argues that the lack of any mention of the range of penalties in Attorney Coontz's contemporaneous notes undermines her testimony. However, this fact does not compel a rejection of her testimony, and the trial court detailed the reasons it found Attorney Coontz to be the more credible witness. It is not our place to reweigh the evidence. "[T]he standard of review in RCr 11.42 proceedings, when the trial court conducts an evidentiary hearing, requires that the reviewing court must defer to the determinations of fact and witness credibility made by the trial judge." *Commonwealth v. Robertson*, 431 S.W.3d 430, 435 (Ky. App. 2013).

Based on Attorney Coontz's testimony, the trial court found that Robinson was appropriately advised on the sentencing range should he be convicted at trial. Accordingly, the trial court concluded that Attorney Coontz was not ineffective. Attorney Coontz's testimony supports the trial court's findings, and its conclusions of law are in line with our prior Opinion and established precedent. As such, we can discern no reversible error.

### III. CONCLUSION

For the reasons set forth above, we affirm the Lincoln Circuit Court.


ALL CONCUR.

-8-

BRIEFS FOR APPELLANT:

Timothy Wayne Robinson, *pro se*
Burgin, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Christina L. Romano
Assistant Attorney General
Frankfort, Kentucky